UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES ANDREW LOHNES, | |
| Plaintiff, | |
| v. | CAUSE NO.: 2:19-CV-97-JVB-JPK |
| OFFICER BROOKS, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Plaintiff James Andrew Lohnes is not represented by counsel. He filed a complaint alleging that he was retaliated against for threatening to file a grievance as a pre-trial detainee at the Lake County Jail on November 14, 2018. He has sued three defendants: Officer Brooks, Sheriff Oscar Martinez, Jr., and Corporal Machnikowski.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Lohnes receives a special diet that includes milk. Lohnes alleges that on November 14, 2018, he told Officer Brooks that he did not want the dinner tray that had

been left for him because it did not contain milk. Officer Brooks told Lohnes to "take [his] ass to the back of the line and wait for [his] milk." (ECF 1 at 2.) Lohnes responded by telling Officer Brooks that he was going to write a grievance against him for using foul language. Officer Brooks then told Lohnes that he "wasn't getting shit now and make sure [he] spells [his] name right." (*Id.*) Lohnes then proceeded to the computer terminal and wrote a request to the sergeant's office explaining his situation with Officer Brooks. Shortly thereafter, Lohnes was taken to segregation, where he remained for thirty days. Lohnes allege that he was placed in segregation by Officer Brooks because he complained about Brooks's behavior. Lohnes further alleges that Officer Brooks and Corporal Machnikowski retaliated against him by initiating a false conduct report against him. Lohnes was adjudicated guilty of threatening Officer Brooks and required to remain in segregation for thirty days.

An allegation of First Amendment retaliation requires a showing "that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Lohnes has identified protected activity (the filing of a written complaint about Officer Brooks' behavior) and a deprivation likely to deter future First Amendment activity (being placed in segregation and facing a false conduct report). He has also alleged facts from which a reasonable jury could infer that his First Amendment activity was a motivating factor for Officer Brooks' decision to transfer

2

Lohnes to segregation. Accordingly, he will be permitted to proceed against Officer Brooks and Corporal Machnikowski under a claim that they retaliated against him by placing him in segregation and initiating false disciplinary charges for complaining about Officer Brooks's treatment of him.

Lohnes has also sued Sheriff Oscar Martinez, Jr., but "[s]ection 1983 does not establish a system of vicarious responsibility" and "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). "Only persons who cause or participate in the [Constitutional] violations are responsible. Lohnes does not allege that Sheriff Martinez was personally involved in this incident. Therefore, Sheriff Martinez will be dismissed.

Although Lohnes has not amended his complaint, he has filed a motion seeking emergency injunctive relief based on two allegedly retaliatory incidents that have occurred recently. Lohnes reports that, on November 27, 2019, Officer Brooks slammed a door "so hard that it almost broke the hinges." (ECF 13 at 2.) This, however, is not the type of deprivation that would deter a person of ordinary firmness from engaging in future First Amendment activity, and it does not warrant an emergency injunction.

Lohnes also indicates that, on August 30, 2019, he was mistaken for another individual and Brooks "attempted to break [his] wrist," while other jail staff threatened to mace and tase him. (ECF 13 at 2.) "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain a preliminary injunction, the moving party must show (1) he will suffer

irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). The court then "weighs the competing harms to the parties if an injunction is granted or denied and also considers the public interest." *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). Furthermore, under the Prison Litigation Reform Act, injunctive relief must be "narrowly drawn, extend no further than necessary to remedy the constitutional violation, and must use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012).

> The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer*, 682 F.3d at 683 (quotation marks, brackets, and citations omitted).

Here, Lohnes describes a circumstance that he asserts is retaliatory, but he also asserts that the situation arose because staff members confused him with another individual. Neither Lohnes' complaint nor the additional facts included in his motion seeking an emergency injunction provide a basis for granting a preliminary injunction. Lohnes has neither detailed specific threats demonstrating he would suffer irreparable harm in the absence of an injunction nor demonstrated that he is reasonably likely to succeed on the merits.

For these reasons, the Court:

(1) DENIES James Andrew Lohnes's Motion for Emergency Injunction (ECF 13);

(2) GRANTS James Andrew Lohnes leave to proceed against Officer Brooks and Corporal Machnikowski in their individual capacities for compensatory and punitive damages under the claim that they retaliated him for engaging in protected speech by placing him in segregation and bringing a false conduct report against him on November 14, 2018, in violation of the First Amendment;

(3) GRANTS James Andrew Lohnes leave to proceed against Officer Brooks and Corporal Machnikowski in their official capacities for injunctive relief to cease retaliating against him for engaging in protected speech, in violation of the First Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Sheriff Oscar Martinez, Jr.;

(6) DIRECTS the Clerk and the United States Marshals Service to issue and serve process on Officer Brooks and Corporal Machnikowski at the Lake County Sheriff's Department with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Brooks and Corporal Machnikowski respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 17, 2019.

                         s/ Joseph S. Van Bokkelen
                         JOSEPH S. VAN BOKKELEN
                         UNITED STATES DISTRICT JUDGE