UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES ANDREW LOHNES, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:19-CV-97-JVB-JPK |
| | ) |
| OFFICER BROOKS, et al., | ) |
| Defendants. | ) |

**ANSWER**

COMES NOW defendant, Officer Brooks, by counsel, Caleb S Johnson of Caleb S Johnson Law, LLC, and for Defendant's Answer to plaintiff's Complaint states as follows:

1. On November 14, 2018 at approximately 10:35 AM lunch was being served on unit 3A directly in front of the hallway surveillance camera. To orange jumpsuit jail detainee workers were passing food trays through the door charcoal. I am on a diet so special diets get served first. The jail detainee worker called my name and placed the tray on the charcoal and when I saw it had no milk on it which is part of my diet I told Officer Brooks standing over about 2 feet to the right of me behind jail bars counting trays coming in "I do not want that tray because I get a milk". Officer Brooks told me to "take your ass to the back of the line and wait for your milk". I told Officer Brooks "I was riding a grievance on him and writing Warden Zenk for using foul language towards me". Officer Brooks told me "I was not getting any shit now and make sure I spelled his name right". I went directly to the telmate computer and wrote a request (electronic requests) to the sergeants office at 11:27 AM in request #029435313 and explained my situation concerning officer Brooks. Officer Brooks saw me through the window writing the request which looks identical to a grievance in facial format to an outsider looking in.

Brooks saw me because I saw him. At approximately 12 PM on November 14, 2018 I was taken to segregation because Officer Brooks retaliated against me because I told Officer Brooks I was writing a grievance against him and when Officer Brooks saw me writing what he thought was a grievance officer Brooks had Corporal Machnikowski #577 write a fraudulent ticket on me to cover up not giving me my diet tray the ticket is included in this complaint along with a letter I wrote to the adjustment committee and replies from the warden. I was placed in segregation, in a cell with feces in it, a toilet bowl with feces in its that would not flush for three days, and I had to eat with my fingers for three days because of no utensil. Officer Brooks told Corporal Machnikowski to say I attempted to throw my tray at him (officer Brooks) and that I said "I am going to smoke you when I get out". I do not even talk like that and the camera surveillance proved I did not touch the tray at all. I sat in segregation 30 days despite being found not guilty of the four charges placed on me. Actually I was found not guilty of three out of four charges. The committee could not find me guilty of the assault charge because the video surveillance the committee had showed I did not touch the tray or move it. The committee found me guilty of "threatening with harm" rule <u>K.</u> They had to find me guilty of something because I told the committee and warden in a written one of four page affidavit (see attached) I was filing a civil rights complaint against Officer Brooks for retaliating against me for telling him I was writing a grievance against him. The ticket hearing was not until November 20, 2018. The committee would not call the nine (9) witnesses I had (see attached). In fact officer Brooks name is not even on the ticket or nowhere to be found anywhere in the entire incident yet officer Brooks had Corporal Machnikowski #577 write a ticket in such a way that it left officer Brooks name out

entirely and replace officer Brooks with just "Officer." The only way to substitute officer Brooks is the officer is in the appeal the assistant warden wrote "found inmate guilty of threatening C/O Brooks (see attached). My claim is that Officer Brooks retaliated against me for telling him I was writing a grievance on him in violation of the first amendment, fifth, and 14th amendment of the United States Constitution. C/O Brooks had a fraudulent report written upon me. See attached affidavits. I lost my personal property because of the segregation placements. My name has been slandered in my criminal case because of officer Brooks made up statements. I could not shop commissary for 30 days. I could not visit or send messages for 30 days because of the 30 day confinement. The ticket committee would not let me call witnesses. The ticket committee held the hearing past the 72 hour time frame. I was moved to a very aggressive section when I was released from segregation which caused me to go into productive custody and live in confinement again for almost another month and all my legal books were stolen from nolo (sic) store. I spent monies on paper, postage, envelopes trying to vindicate myself. I lost weight, sleep, and became severely depressed as a result of officer Brooks lying and having Corporal Machnikowski do the lying for him. Officer Brooks and Corporal Machnikowski pulled a scam on me to justify not giving me my diet tray and they never expected it to go this far. The camera surveillance vindicates me of all this and with the video I can prove my claim by a preponderance of the evidence.

ANSWER:    Defendant denies each and every allegations contained in Rhetorical Paragraph 1 on pages 2-5 of 29 of Document 1 filed in this case.

2. No allegation

ANSWER:    To the extent that an allegation is made by the plaintiff, Defendant is without sufficient information to admit or deny the allegation contained in Rhetorical Paragraph 2 on page 6 of 29 of Document 1 filed in this case, therefore denies the same.

3. No allegation

ANSWER:    To the extent that an allegation is made by the plaintiff, Defendant is without sufficient information to admit or deny the allegation contained in Rhetorical Paragraph 3 on page 6 of 29 of Document 1 filed in this case, therefore denies the same.

4. No allegation

ANSWER:    To the extent that an allegation is made by the plaintiff, Defendant is without sufficient information to admit or deny the allegation contained in Rhetorical Paragraph 4 on page 6 of 29 of Document 1 filed in this case, therefore denies the same.

5. When did this event happen? While I was comfined awaiting trial.

ANSWER:    Defendant is without sufficient information to admit or deny the allegation contained in Rhetorical Paragraph 5 on page 6 of 29 of Document 1 filed in this case, therefore denies the same.

6. Have you ever sued anyone for this exact same event? No.

ANSWER:    Defendant is without sufficient information to admit or deny the allegation contained in Rhetorical Paragraph 6 on page 6 of 29 of Document 1 filed in this case, therefore denies the same.

7. Could you have used a prison grievance system to complain about this event? Yes, I filed a grievance and attached is a copy of the response from the final step.

ANSWER:   Defendant is without sufficient information to admit or deny the allegation contained in Rhetorical Paragraph 7 on page 6 of 29 of Document 1 filed in this case, therefore denies the same.

8. If you win this case, what do you want the court to order the defendant(s) to do? 1) Officer Brooks $80,000 in his individual capacity for compensatory damages and in his official capacity for injunctive relief for retaliating against me to refrain from ever doing that to me again. Officer Brooks has a habit of doing this to detainees. 2) Sheriff and Lake County jail to enforce injunctive relief. 3) $80,000 against Machnikowski for writing fraudulent tickets in his individual capacity. 4) Expunge ticket.

ANSWER:   Defendant is without sufficient information to admit or deny the allegation contained in Rhetorical Paragraph 8 on page 6 of 29 of Document 1 filed in this case, therefore denies the same.

**To the extent that any of the affidavits or attachments to plaintiff's complaint contain allegations, the same are hereby denied generally and specifically by the defendant.**

**WHEREFORE**, Defendant prays that Plaintiff take nothing by way of his Complaint, that judgment be entered in favor of the Defendant and against the Plaintiff on all claims and relief prayed for in the Complaint, that Defendant be granted all relief, including attorney fees, to the extent he may be entitled under 42 U.S.C. 1988, Rule 11, I.C. 34-13-3-21 and/or I.C. 34-13-4-4, and for all other appropriate relief.

Respectfully submitted,

CALEB S. JOHNSON LAW, LLC
Attorneys for Defendant, Correctional Officer Brooks

By:    /s/Caleb S. Johnson
      Caleb S. Johnson (#23941-64)
      113 W. Joliet St.,
      Suite 1
      Schererville, IN 46375
      (219) 627-4555
      cjohnson@csjlawllc.com

## **AFFIRMATIVE DEFENSES**

**COMES NOW** Defendant, Correctional Officer Brooks, by counsel, Caleb S Johnson of Caleb S Johnson Law, LLC, and for his Affirmative Defenses to the claims of the Plaintiff states as follows:

1. Any allegation in Plaintiff's Complaint that are not specifically admitted or denied in Defendant's answer are here specifically DENIED.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure (12)(b)(6).

3. Plaintiff is barred from recovering punitive damages against Defendant for claims asserted under 42 U.S.C. § 1983.

4. Defendant has no supervisory liability for the actions of subordinates, as a matter of law. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

5. Pursuant to Ind. Code § 34-13-3-4, Plaintiff is barred from recovering punitive damages against Defendant for claims asserted under state law.

6. Any damages recoverable by Plaintiff for tort claims alleged under state law are limited by the provisions of the Indiana Tort Claims Act, I.C. §34-13-3-4.

7. Plaintiff's claims under state law are barred by Plaintiff's failure to comply with the requirements of the notice provisions of the Indiana Tort Claims Act, I.C. §§34-13-3-8; 34-13-3-10; 34-13-3-12; and 34-13-3-13.

8. Defendant is entitled to state common law, constitutional, and/or statutory privileges and immunities, including under the provisions of the Indiana Tort Claims Act, I.C. 34-13-3-0.1, et seq.; including, but not limited to, I.C. §34-13-3- 3 (7), (8) and (10).

9. Any recovery for plaintiff's alleged state law claims are subject to the limitations of the Indiana Tort Claims Act.

10. Defendant is entitled to immunity under the doctrines of qualified immunity as any alleged acts of omissions of Defendant did not violate any federal rights of Plaintiff that were objectively and clearly established at the times alleged in the Complaint.

11. None of Plaintiff's constitutional rights were violated as any action by the Defendant was for a legitimate governmental purpose and did not violate any rights protected under federal law.

12. All claims under 42 U.S.C. §1983 are barred by the Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997(e)(a), due to Plaintiff's failure to exhaust his administrative remedies and failure to timely initiate or file grievances and/or appeals pursuant to the grievance procedures contained in the Lake County Jail Inmate Handbook.

13. Defendant was not deliberately indifferent to the needs or rights of the Plaintiff or of any excessive risk of health or safety that may have existed.

14. Defendant was not deliberately indifferent to Plaintiff's health or safety and was not aware of any substantial risk of serious injury or illness to Plaintiff and took no deliberate action that directly cause any deprivation of any of Plaintiff's civil rights.

15. Any actions by Defendant were objectively reasonable and did not violate any clearly established rule or principle of federal law or any rights of the Plaintiff that a reasonable person would have known.

16. Defendant is not subject to the doctrine of respondeat superior for any and all claims arising under 42 U.S.C. §1983 because he cannot be held liable for the conduct of subordinates that may have resulted in a violation of Plaintiff's constitutional rights.

17. Plaintiff's claims against this Defendant are barred as the Defendant was not personally involved in any of the acts or omissions alleged in the Complaint and therefore liability may not to this Defendant under 42 U.S.C. §1983.

18. Any injuries or damages sustained by Plaintiff were caused or contributed to by Plaintiff's own conduct and any recovery against Defendant is barred or limited.

19. Any injuries or damages sustained by Plaintiff were caused in whole or in part by an act or omission of persons other than this defendant and any recovery against Defendant is barred.

20. Any injuries or damages sustained by Plaintiff were caused in whole or in part by an act or omission of an unknown person or persons and not this defendant and any recovery against Defendant is barred.

21. Any injuries or damages sustained by Plaintiff were the direct and proximate result of Plaintiff's own contributory negligence, assumption of risk, incurred risk, failure to

avoid injury and failure to mitigate damages, and any recovery against Defendant is barred or limited.

22. The actions or inactions of Defendant, if any, were not the proximate cause of any injuries or damages claimed by Plaintiff.

23. Plaintiff's own actions or inactions were the sole proximate cause of Plaintiff's alleged injuries and damages.

24. Any injuries or damages claimed by Plaintiff are the direct and proximate result of a pre-existing disease or condition and Plaintiff is not entitled to recover damages for any pre-existing disease or condition.

25. Plaintiff's claims are barred to the extent that they have been waived by any action or inaction on the part of Plaintiff.

26. Defendant is entitled to a credit or set-off against any damages received by or awarded to Plaintiff through any judgment, settlement or other compensation from any other individual, entity, party, non-party or collateral source.

27. The claims asserted against by Plaintiff against Defendant are frivolous, unreasonable and/or groundless and such that Defendant is entitled to costs and attorney fees pursuant to 42 U.S.C. §1988, I.C. §34-13-3-21 and other applicable law.

28. Defendant incorporates and adopts any affirmative defenses asserted by any other defendant in this cause.

29. Defendant reserves the right to amend this answer and to assert additional defenses as same become known during the course of discovery.

**WHEREFORE**, Defendant prays that Plaintiff takes nothing by way of this Complaint, that judgment be entered in favor of the Defendant and against the Plaintiff on all claims and

relief prayed for in the Complaint, that Defendant be granted all relief, including attorney fees, to the extent he may be entitled under 42 U.S.C. 1988, Rule 11, I.C. 34-13-3-21 and/or I.C. 34-13-4-4, and for all other appropriate relief

>
> Respectfully submitted,
>
> CALEB S. JOHNSON LAW, LLC
> Attorneys for Defendant, Correctional Officer Brooks
>
> By: ___/s/Caleb S. Johnson_____
>      Caleb S. Johnson (#23941-64)
>      113 W. Joliet St.,
>      Suite 1
>      Schererville, IN 46375
>      (219) 627-4555
>      cjohnson@csjlawllc.com

## CERTIFICATE OF SERVICE

**I certify that on November 15, 2019, service of a true and correct copy of the above and foregoing pleading or paper was made upon all parties and/or counsel of record by electronic mail or court docket service or by depositing the same in the United States Mail in envelopes properly addressed to each of them with sufficient first-class postage affixed.**

>
> **Caleb S. Johnson Law, LLC**
>
> **By: ___/s/*Caleb S. Johnson*___**
>      **Caleb S. Johnson**