# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JAMES ANDREW LOHNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 2:19-CV-97-TLS-JPK |
| | ) |
| OFFICER BROOKS, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on three motions from Plaintiff, James Andrew Lohnes, a prisoner without a lawyer. First, Lohnes filed a Motion for Default Judgment [ECF No. 22] alleging that Officer Brooks is in default for failing to file a timely response to his complaint. Second, Lohnes filed a Motion to Enforce Court Order [ECF No. 24] asking the court to enforce its earlier order that the defendants refrain from harassing him. Finally, Lohnes filed a motion [ECF No. 33] styled as a "Motion to Show Cause," the details of which the Court will address below.

Addressing Lohnes' first motion, under Federal Rule of Civil Procedure 12(a)(1)(A)(i), a defendant must serve an answer within 21 days after being served with a summons and complaint. A summons was issued for Officer Brooks on October 23, 2019. However, there is no evidence that Officer Brooks was ever served with the summons or Complaint. And Officer Brooks did not waive service of process. Officer Brooks filed a Notice of Appearance [ECF No. 21] on November 1st, and an Answer [ECF No. 27] on November 15.

While Officer Brooks would have filed his Answer late if he had been served the day that the summons was issued, to date, that summons has not been returned and there is no record that

Officer Brooks was served. Further, even if Officer Brooks filed his Answer late there is no indication that he intentionally delayed this case or willfully disregarded the deadline. The Seventh Circuit has explained that there is "a policy of favoring trial on the merits over default judgment." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). As such, even if Brooks did file his answer late, the circumstances do not warrant entry of default. Accordingly, the motion must be denied.

Regarding Lohnes' second motion [ECF No. 24], while Lohnes was granted leave to proceed on his claim against Officer Brooks and Corporal Machnikowski for injunctive relief to cease retaliating against him for engaging in protected speech, the court denied Lohnes' request for emergency injunctive relief [ECF No. 14]. Accordingly, Lohnes is not entitled to the requested relief.

Lastly, Lohnes filed a motion [ECF No. 33] that he titled as a "Motion to Show Cause." In it, he asks the court to order Lake County Sheriff Oscar Martinez, Jr, to order Officer Brooks to stop harassing him. As noted above, the court already considered and denied [ECF No. 14] Lohnes' request for emergency injunctive relief. Neither Lohnes' complaint nor the additional facts presented provide a basis for granting a preliminary injunction, and he has not demonstrated that he is reasonably likely to succeed on the merits. The court stands by its order denying Lohnes emergency injunctive relief and will deny his "Motion to Show Cause."

For these reasons, the Motion for Default Judgment [ECF No. 22], Motion to Enforce Court Order [ECF No. 24], and Motion to Show Cause [ECF No. 33] are DENIED. The court CAUTIONS James Andrew Lohnes that filing repeated motions seeking the same relief could result in him being fined, sanctioned or restricted.

SO ORDERED on December 4, 2019.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT