UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JAMES ANDREW LOHNES,

    Plaintiff,

    v.      CAUSE NO. 2:19-CV-97-TLS-JPK

OFFICER BROOKS, et al.,

    Defendants.

**OPINION AND ORDER**

James Andrew Lohnes, a prisoner without a lawyer, filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11. ECF No. 109. Lohnes asserts that the Defendants' attorneys, in the response to his motion for leave to amend his complaint [ECF No. 106], "willfully and maliciously misrepresented the facts and lied to the court." ECF No. 109. In his motion to amend his complaint, Lohnes represented that he just learned the identity of Sergeant Christopher Zelnis # 584 on July 28, 2021. ECF No. 100. The Defendants' response includes the following:

> Further, it is difficult at best to determine how Lohnes is only now aware of the identity of the Correctional Officer since he was present at his grievance hearing with this correctional officer and clearly disputed the outcome, therefore he had a responsibility to include the correct Defendants in his complaint and by failing to assert a cause of action against a proper Defendant he fails to establish justification for leave to amend his complaint.

ECF No. 106 at 2–3.

> Federal Rule of Civil Procedure 11 provides in relevant part:
>
> By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b). If a court determines that a sanction is warranted, the sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).[1] The Seventh Circuit has admonished district courts to "bear in mind that such sanctions are to be imposed sparingly," *Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003), and noted that district courts have "considerable discretion in deciding whether to issue Rule 11 sanctions," *Hinterberger v. City of Indianapolis*, 966 F.3d 523, 529 (7th Cir. 2020) (citations omitted).

Here, the parties dispute whether Lohnes knew or should have known the identity of Sergeant Zelnis sooner and, more specifically, whether he was present at a hearing. *See* ECF Nos. 106, 109. With "a disputed issue of fact . . . there is no basis for imposing sanctions . . . ." *Singh v. Curry*, 69 F.3d 540, at *4 (7th Cir. 1995). Moreover, the disputed fact at issue here was not material to the decision to deny his motion to amend. *See* ECF No. 110 at 3. In other words, even when Lohnes' version of events is accepted as true, the result would not have been different. Spending scarce judicial resources resolving a dispute that is not material to either the motion to amend or any other issue currently before the Court is unnecessary. Therefore, the Court exercises its discretion to deny the motion.

For these reasons, the Court DENIES the motion for sanctions [ECF No. 109].

SO ORDERED on August 26, 2021.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[1] Rule 11 also provides that "[t]he motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). Lohnes did not comply with this requirement; he filed his motion only one week after the response was filed. However, in the interests of justice and efficiency, his motion will be considered on the merits.